## SEPTEMBER TERM, 1771.

### BELT's Lessee *vs.* MILLER.

EJECTMENT for a tract of land called *Simms' Forest,* lying in Cecil county.

### BILLS OF EXCEPTIONS.

1. The plaintiff at the trial, amongst other title papers, produced a grant from the Lord Proprietary to a certain *Marmaduke Simms,* bearing date the 1st of June 1687, for the tract of land called *Simms' Forest,* "beginning at a bounded red oak standing by Elk river road in the woods, near the land called *The Forest,* and running thence with the said road S. and by E. 200 perches, to another bounded red oak standing near the said road, then running." &c.

The plaintiff located the said tract of land, on the plots returned in the cause, agreeably to the said plots and the explanations thereof, running eleven courses (211 perches) along the road from the beginning at A to B marked on the plots, which he alleged was near the place where the second bounded tree did stand, then, &c. The defendant took defence for the whole tract, except a few acres in possession of J. W. and located the tract in the same manner the plaintiff had; and for illustration laid the tract down running three courses, (138 perches,) along the road from the beginning at E to F, then, &c.

The plaintiff insisted on the admission of the defendant contained in the said plots and explanations, together with evidence produced that the defendant lived on the land called *Simms' Forest,* laid down by the plaintiff, that they had sufficiently proved the location of the land in question from A along the road to B. But the defendant objected that there was a variance of eleven perches in the extension of the land from A to B upon the said plots; and that as the witnesses proved no boundary at the letter B, the plaintiff should have confined himself to the course and distance; and that therefore there was a material variance between the proof and the location.

HAYWARD, Ch. J. was of opinion, that the matter in dispute was proper to be left to the jury, whether evidence had been produced sufficient to satisfy them that the land called *Simms' Forest*, in question, did extend to the boundary at B, and that they were the proper judges of the fullness of such evidence; and would give no other opinion as to the variance suggested. The defendant excepted.

2. The plaintiff produced one *Benjamin Miller*, the fifth son of the defendant in this cause, which *Benjamin Miller* was called upon by the plaintiff, and was offered to be sworn as a witness for the plaintiff. To this the defendant objected, alleging he was interested, and therefore he desired he might be sworn on the *voire dire*—which he accordingly was, and the question asked him, whether he was to be a gainer or loser by the event of the cause? to which he answered the event was uncertain. Thereupon the court repeated the question, to which he then answered, that if his father lost the cause to be sure he must be a loser, otherwise not.

HAYWARD, Ch. J. was of opinion that he ought to be sworn generally; and he was sworn accordingly. The defendant excepted.

*Verdict* for the plaintiff for the land in the declaration mentioned, as located on the plots returned, beginning at A and running with the road 200 perches as laid down on the said plots, and from thence course and distance round to the beginning; and as to the residue of the plaintiff's pretensions, verdict for the defendant.

*Hall* and *Hollyday*, for the Plaintiff.

*Rumsey* and *Jenings* (Attorney-General) for the Defendant.